IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | |
|---|---|
| SHERMAN P. HAWKINS, ) | Cause No. CV 08-058-M-DWM-JCL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | FINDINGS AND RECOMMENDATION OF |
| ) | UNITED STATES MAGISTRATE |
| DENNIS DEMERS, SHARON DEMERS ) | JUDGE TO DISMISS COMPLAINT FOR |
| and GEORGIO DEMERS, ) | LACK OF JURISDICTION |
| ) | |
| Defendants. ) | |

_____

This matter comes before the Court on Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Document 1) and Plaintiff's Complaint. (Document 2). Plaintiff is a state prisoner proceeding pro se.

**I. MOTION TO PROCEED IN FORMA PAUPERIS**

Although Plaintiff filed a Motion to Proceed in Forma Pauperis (Document 1), he failed to file an account statement as required by 28 U.S.C. §1915(a)(2). Accordingly, the Court issued an Order requiring Plaintiff to either provide a copy of his account statement or pay the statutory filing fee. On May 12, 2008, Plaintiff paid the full filing and is presumably withdrawing his request to proceed in forma pauperis. The Court construes Plaintiff's payment of the full filing fee to be a withdrawal of his request to proceed in forma pauperis. Even if Plaintiff did not intend to withdraw his motion, it will be denied based upon the Court's lack of subject matter

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS
COMPLAINT FOR LACK OF JURISDICTION - CV-08-058-M-DWM-JCL / PAGE 1

jurisdiction in this case. Plaintiff's Complaint will be deemed filed as of the date he paid his full filing fee.

## II. STATEMENT OF THE CASE

### A. Parties

Plaintiff is a state prisoner incarcerated at the Montana State Prison in Deer Lodge, Montana.

The named Defendants are: Dennis and Sharon Demers, doing business and keeping residence at the Demers Ranch at 1600 Modesty Creek Road, Deer Lodge, Montana. Defendant George Demers is the son of Dennis and Sharon Demers and a prisoner at the Montana State Prison.

### B. Plaintiff's Allegations

Plaintiff's alleges that Defendants conspired to defraud him and steal his money. He contends that Defendants feigned to help Plaintiff's handicapped son in a way to occupy himself by agreeing to buy bred-heifers and have Plaintiff's son work the stock. Plaintiff advanced the Demers $25,000.00 in the Spring of 2006. He also loaned Sharon Demers an additional $4,000.00. The Demers failed to fulfill their part of the agreement, claiming illnesses and returned part of the money in December 2006. In January 2007, the Demers renegotiated the agreement and Plaintiff sent the Demers $17,100.00. Plaintiff alleges that the agreement contained a penalty stipulation providing for 10 percent penalty compounded monthly for any money owed Plaintiff that for any reason was not returned immediately at the termination of the agreement or contract.

**C. Subject Matter Jurisdiction**

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906, 915, 157 L.Ed.2d 867 (2004) (holding that subject matter jurisdiction may be raised initially by either party, or sua sponte by the court, at any stage of litigation, including appeal) (citations omitted). Plaintiff asserts that subject matter jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. This section provides that, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States . . ." 28 U.S.C. § 1332. Plaintiff has alleged that he is a resident of Wyoming and that the Defendants are all residents of Montana. The Court has accepted this allegation to be true. However, Plaintiff has failed to adequately plead a sufficient amount in controversy.

Plaintiff's Complaint seeks $110,119.00 for money owed. However, that amount includes penalties and interest. Plaintiff has alleged a base loss of $46,100 ($25,000 + $4,000 + $17,100). The additional $64,019.00 is presumably pursuant to what he describes as a "penalty clause" in the contract. Specifically, Plaintiff describes a "penalty stipulation that for zany [sic] reason notwithstanding, any money owed Plaintiff that was not returned immediately at the termination of the agreement or contract, for any reason, there would be a 10 (ten) per cent penalty compounded monthly for all money still owed Plaintiff." (Document 2, p. 2). Regardless of whether this amount is considered interest or a penalty, it is not considered in the

calculation of the amount in controversy.

The diversity statute, 28 U.S.C. § 1332, clearly provides that the amount in controversy is calculated exclusive of interest and costs. Accordingly, to the extent that the 10 percent fee could be considered interest, it is excluded in the determination of the amount in controversy.

Plaintiff has described the 10 percent charge as a "penalty stipulation." In Montana, penalty clauses in contracts are generally prima facie void pursuant to Mont. Code. Ann. § 28-2-721(1) which provides that, "(1) Every contract by which the amount of damage to be paid or other compensation to be made for a breach of an obligation is determined in anticipation thereof is to that extent void, except as expressly provided in subsection (2)." Section 2 of this statute provides an exception for liquidated damages. The analysis of what may or may not constitute liquidated damages is complicated and out of the realm of what would be done in a jurisdictional determination. See *Arrowhead School Dist. No. 75, Park County v. Klyap*, 318 Mont. 103, 79 P.3d 250 (Mont. 2003). However, the Court need not delve into that conundrum in light of Plaintiff's admission on the fact of his Complaint that the 10 percent fee compounded monthly was a penalty which is void under Montana law.

Without the penalty and interest calculated into the jurisdictional amount, Plaintiff has only plead a loss of $46,100. Accordingly, Plaintiff cannot establish the jurisdictional threshold and his Complaint should be dismissed for lack of subject matter jurisdiction.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Document 1) is **DENIED.**

2.  The Clerk shall edit the text of the docket entry for the Complaint (Document 2) to remove the word "LODGED" and the Complaint is **DEEMED FILED** on May 12, 2008.

3.  The Clerk of Court is directed to serve a copy of this Order and Findings and Recommendation upon Dennis and Sharon Demers at 1600 Modesty Creek Road, Deer Lodge, Montana  59722-9604 and to George Demers, #A027658, Montana State Prison, 500 Conley Lake Road, Deer Lodge, Montana  59722.

Further, the Court enters the following:

### RECOMMENDATION

Plaintiff's Complaint (Document 2) should be **DISMISSED.**

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to [28 U.S.C. § 636(b)(1)](), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Thereafter, a district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A RECOMMENDATION OF DISMISSAL OF THIS CAUSE OF ACTION.**

DATED this 20th day of May, 2008.

/s/ Jeremiah C. Lynch  
Jeremiah C. Lynch  
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS
COMPLAINT FOR LACK OF JURISDICTION - CV-08-058-M-DWM-JCL / PAGE 5