

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| SHERMAN P. HAWKINS, | ) | CV 08-58-M-DWM-JCL |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| DENNIS DEMERS, SHARON DEMERS and and GEORGIO DEMERS, | ) | |
| Defendants. | ) | |

Plaintiff Hawkins, a state prisoner proceeding pro se, has filed a Complaint alleging that the Defendants conspired to defraud him by soliciting his investment in a livestock venture. Plaintiff asserts that this Court has jurisdiction over this matter under 28 U.S.C. § 1332 because of the diversity of the parties. The Court has accepted as true the Plaintiff's allegation that he is a resident of Wyoming and the Defendants are residents of Montana. The Complaint seeks $110,119.00 in damages.

United States Magistrate Judge Jeremiah C. Lynch conducted preliminary screening of the Complaint as required by 28 U.S.C. §

1915(e)(2). Under that statute, the court engages in preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Lynch issued Findings and Recommendations in which he recommends dismissal of the Complaint for lack of subject matter jurisdiction. Judge Lynch explains that while the Court assumes the parties are diverse, the Plaintiff has not pled a sufficient amount in controversy. He notes that $64,019.00 of Plaintiff's claim is attributable to what the Plaintiff calls a "penalty stipulation" in the contract at issue, which is void under Montana law pursuant to Mont. Code Ann. § 28-2-721(1). Because the Plaintiff may not recover the amount claimed as a penalty, the Magistrate concludes that the Plaintiff has only pled a loss of $46,100.00, which falls below the jurisdictional amount of $75,000.

Plaintiff Hawkins timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1). Hawkins first seeks to expand his claim by alleging that the Plaintiffs falsely told authorities that Hawkins was planning an escape, which led to the denial of Hawkins' parole and the loss of wages that he would have earned had he been paroled. This argument may not be presented in a case for breach of contract. Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus.

Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1989). In Heck v. Humphrey, 512 U.S. 477, 480 (1994), the Supreme Court held that,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 487. In such a case, a prisoner's sole federal remedy is a writ of habeas corpus. See Preiser, 411 U.S. 475.

Hawkins' second objection is that instead of applying Montana law with respect to the penalty provision of the contract, the Court should have applied Wyoming law, which Hawkins argues does not contain a similar rule. Leaving aside serious questions as to whether choice-of-law rules would dictate that this matter be governed by Wyoming law, the penalty provision is void under Wyoming law as well. In Jessen v. Jessen, 810 P.2d 987, 990 (Wyo.1991), the Supreme Court of Wyoming explained that its has adopted the Restatement of Contracts with respect to liquidated damages, which voids a penalty clause agreed upon in advance of a breach. Like Montana law, there is an exception for liquidated damages that are a reasonable forecast of the harm caused by the breach. The exception does not apply here because Plaintiff Hawkins concedes that the agreed-upon damages provision is a penalty.

Hawkins attempts to overcome the jurisdictional hurdle by expanding his Complaint to allege what he describes as a "federal

tort action" for mail fraud.  Hawkins argues that because communications relative to the contract at issue were sent through the mail, the Defendants committed mail fraud in violation of federal law.  Hawkins has failed, however, to identify any viable federal civil cause of action for mail fraud.

Upon de novo review, and having considered Hawkins' objections, I agree with Judge Lynch's Findings and Recommendations and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is DISMISSED for lack of subject matter jurisdiction.

DATED this ___ day of June, 2008.

Donald W. Molloy, District Judge
United States District Court